## In re ROBERTSON.

(District Court, W. D. Pennsylvania. August, 1924.)

No. 11105.

Bankruptcy �441(1)—Claim for fees as attorney for receiver disallowed.

Where by rule of court (District Court Bankruptcy rule 5) receivers and trustees are not allowed to retain as their attorney the attorney for bankrupt or for petitioning creditors, unless specially authorized, fees will not be allowed for services rendered for a receiver by the attorney at whose instance he was appointed, who was also attorney for the petitioning creditors, and whose appointment as attorney for the receiver the referee refused to approve.

In Bankruptcy. In the matter of W. J. Robertson, bankrupt. On review of order of referee, rejecting claim for attorney's fees. Affirmed.

A. H. Kaufman, of Pittsburgh, Pa., for receiver.

Thomas B. Wilson, of Bradford, Pa., for bankrupt.

SCHOONMAKER, District Judge. This case now comes to the court to review the findings of the referee, H. M. Wick, Esq., one of the referees in bankruptcy of this court, rejecting the claim of A. H. Kaufman for $300 for services as attorney for the receiver in bankruptcy in this case.

The proceedings in this matter for review are not in strict accordance with rule 7 of District Bankruptcy Rules of this court (Collier [13th Ed.] p. 3278), but nevertheless the referee requests that his findings in

this matter be reviewed, and we are therefore considering this case as though the petion for review and all proceedings had been had in accordance with the bankruptcy rules of this court.

On the petition of the petitioning creditors of this case, presented through their attorney, A. H. Kaufman, C. W. Morrison, Esq., an attorney at law of Bradford, Pa., was appointed receiver by H. M. Wick, one of the referees in bankruptcy, on the 23d day of August, 1923, and on the same day it appears that a petition by the said C. W. Morrison, as receiver, was presented to the referee in bankruptcy, asking leave to retain the said A. H. Kaufman as his attorney. No order was made by the referee upon said petition, and on the back of the petition notation is made in pencil, "Refused;" the referee stating in his certificate with reference thereto that this petition "was filed, but no order was made thereon, the undersigned stating to Mr. Markle (acting as clerk for A. H. Kaufman) what he considered the impropriety of such appointment, in view of the fact that Mr. Kaufman was representing the petitioning creditors, and also in view of the fact that Mr. Morrison, the receiver, was a member of the McKean county bar, in active practice, and qualified to act as his own attorney."

To this refusal on the part of the referee apparently no exception was taken by the receiver. No order was ever made in this case permitting the receiver to retain Kaufman as his attorney. Some time later the attorney, A. H. Kaufman, asked to be heard with reference to the refusal of the referee to permit him to be retained as counsel for the receiver, and on May 3, 1924, a meeting was had before the referee, at which Harry C. Markle appeared, representing A. H. Kaufman. The receiver was also represented by counsel, as was also the bankrupt and various creditors. At this meeting, after considering the testimony of the receiver and Markle, representing A. H. Kaufman, and the file papers and documentary evidence offered, the referee refused the claim then presented by A. H. Kaufman for $300 for services as attorney for the receiver, and this action the attorney, A. H. Kaufman, is now seeking to have reviewed by this court.

In the first place, it may be noted that under rule 5 of the District Bankruptcy Rules (Collier [13th Ed.] p. 3277), unless specially authorized by the court, receivers and trustees in bankruptcy are not allowed to retain as their attorney the attorney for the

bankrupt or. of the petitioning creditors. Now, in the instant case, A. H. Kaufman was attorney for the petitioning creditors in bankruptcy, and also for the petitioning creditor for the appointment of a receiver. He therefore falls within the prohibition of this rule. Then, also, the matter of his retention as counsel for the receiver was brought to the attention of the referee by petition, asking that he be allowed to be retained, and the referee refused the petition.

We see no reason for overruling the action of the referee in this regard. The referee was on the ground, familiar with all the facts and circumstances surrounding the case, and there is no reason for disturbing his findings in this matter. It will be noted that Kaufman presented and was paid the fee for the attorney for the petitioning creditors out of the assets of this estate.